**R.E.A.C.H. TREATMENT PROGRAM**
*Responsibility through Effort, Awareness, self-Criticism, & Honesty*
**Outpatient Treatment Program for Sexual Offenders
Clinical & Forensic Institute**
*Founding President John A. Spencer, Ph.D.*

2101 S. Andrews Ave., Suite 103
Fort Lauderdale, Florida 33316
Phone: (954) 434-8006
Fax: (954) 434-0147

605 Belvedere Road, Suite 1
West Palm Beach, Florida 33405
Phone: (561) 968-1212

September 29, 2016

TO:   Jeffrey Feldman, Sr. United States Probation Officer
      400 North Miami Avenue, 9th Floor
      Miami, FL 33128

RE:       **John Esposito
          Unsuccessful Completion of Treatment**

PACTS#:   97220

Dear Officer Feldman:

The purpose of this letter is to inform you that Mr. Esposito has been terminated from the R.E.A.C.H. program, effective immediately. The reason for his termination is that Mr. Esposito has demonstrated a lack of amenability to treatment interventions.

Mr. Esposito completed an intake assessment with the R.E.A.C.H. program on December 4, 2014. During his intake he was provided with information regarding the expectations of his participation in treatment and the requirements to successfully complete the program. During the first month of treatment Mr. Esposito requested that he not participate in group treatment sessions because group sessions were exacerbating symptoms of "anxiety." Therefore, in January 2015 he was switched to individual treatment sessions. Mr. Esposito has been similarly accommodated throughout his enrollment in treatment by addressing his own individualized treatment goals and by changing appointment times based upon his work schedule. During his tenure in treatment, Mr. Esposito has had difficulty with accepting responsibility for this offense behavior and has not completed any components of the basic requirements for programmatic completion. In fact, Mr. Esposito has not purchased a workbook although he has been informed on numerous occasions that completing the workbook and a Good Life Plan were essential to successful completion. Furthermore, when asked to elaborate on how he has implemented anxiety reduction strategies he has been unable to discuss such indicating that he has not been completing homework assignments specifically tailored to his individual treatment goals.

On September 19, 2016, Mr. Esposito sent a letter (attached) stating, "I feel that I have accomplished all my goals that I have set for myself…Since I have accomplished all of these goals I see no reason to continue with the court ordered therapy." Mr. Esposito outlined in the letter the accomplishments that he believed he has attained. On September 22, 2016, this letter was reviewed with Mr. Esposito and he was reminded that he had not completed the basic requirements of the treatment program. During that session, Mr. Esposito became defensive and oppositional and was placed on an Intensive Psychotherapy Program contract to complete one workbook assignment per week and to work "collaboratively" with his therapist.

As you are aware, on September 27, 2016, Mr. Esposito posted a question on the internet to a sex offender lobbying group and sent a redacted version to you. He also made assertions that were untrue and could be considered slanderous. In response to this communication, I requested that you attend an individual session with Mr. Esposito and our treatment team. During this meeting, Mr. Esposito continued to display manipulative, deceptive, and oppositional behavior.

Mr. Esposito's behavior demonstrates that despite some prior superficial engagement in treatment, he does not believe that he requires sex offender treatment and is not amenable to treatment interventions. Despite numerous attempts to engage him in the therapeutic process he has only become increasingly incendiary and conniving.

At this time we are terminating him from treatment and furthermore, advise that he will not be permitted to re-enroll in our program for any reason.

Thank you for your attention to this matter. Please do not hesitate to contact me if you have questions concerning this case.

Sincerely,

_____
Lori J Butts, JD, PhD
Licensed Psychologist #6490